UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATE OF AMERICA,

    Plaintiff,

v.

IFTAKHAR U. KHAN, AMJAD M. KHAN,
MAIMUNAH M. KHAN (a/k/a "MUNAH KHAN"
and "MONA KHAN"), AND SHAGUFTA
KHAN (a/k/a "SHAGUFTA LONE"),

    Defendants.
_____/

Case No. 03-74300

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT [126]**

Plaintiff United States brought this civil action against Defendant Iftakhar Khan ("Khan") to recover fines and penalties stemming from Khan's plea of guilty to one count of health care fraud. The Government moves for partial summary judgment on the issues of liability and civil penalties under the False Claims Act ("FCA"), 31 U.S.C §§ 3729-3733. For the reasons set forth below, Plaintiff's motion should be GRANTED.

**I.    Facts**

In 2003, Iftakhar U. Khan was indicted on various charges. Khan and his associates, Amjad M. Khan, Maimunah N. Khan, and Shagufta Khan, were allegedly involved in a scheme to defraud the government by improperly filing for and receiving Medicare reimbursements. (Pl.'s Mot. at 2.) On October 24, 2003, the Government commenced this civil action against Defendants for presenting false claims, presenting false statements, conspiracy to defraud the government, unjust enrichment and money

paid under mistake of fact. (Id.) On January 4, 2007, Khan pled guilty to one count of health care fraud. (Pl's. Mot. at 1.) The Government now seeks partial summary judgment on Count One of their civil complaint – presenting false claims. (Pl's. Mot. at 2.)

## II. Standard of Review

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on

2

which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

**III.    Analysis**

At issue is the extent of Defendant's liability under the FCA. The Government argues that Defendant is liable for filing four separate false claims for the fiscal years 1995, 1996, 1997, and 1998, and that Defendant, by virtue of his guilty plea, is estopped from denying liability.[1]

**A. Defendant Khan's Liability Under the FCA**

The preclusive effect of a guilty criminal plea on future civil proceedings is well established. See *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558 (1951), *Hinchman v. Moore*, 312 F.3d 198 (6th Cir. Mich. 2002). "The doctrine of collateral estoppel operates when three requirements are met: (1) the issue in the current action and the prior action are identical; (2) the issue was actually litigated; and (3) the issue was necessary and essential to the judgment on the merits." *United States v. Beaty*, 245 F.3d 617, 624 (6th Cir. 2001). The doctrine applies whether a conviction is the result of a jury verdict or guilty plea. *United States v. Szilvagyi*, 398 F. Supp. 2d 842, 845 (E.D. Mich. 2005).

The False Claims Act specifically provides for situations where a civil action follows a criminal proceeding:

> a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a

---

[1] For the purposes of the FCA, each false report would constitute a separate "false claim." *See United States ex rel. Augustine v. Century Health Servs.,* 289 F.3d 409, 416 (6th Cir. 2002)

> plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730

31 USC §3731(d). The government seeks summary judgment on its claims under subsection (a) and (b) of 31 USC §3730.

The difficult task for courts is to determine precisely what matters were previously adjudicated. In making such a determination, a judge may exercise his discretion and look to such portions of the record deemed "necessary and appropriate." *Emich Motors*, 340 U.S. at 571. Furthermore, Judges must take into account the circumstances of each case. *Id.*

An examination of all the facts and circumstances of this case reveals that Defendant is estopped from contesting liability for all four fiscal years. In the Rule 11 agreement, Defendant admitted that he 1) "knowingly and willfully executed or attempted to execute a scheme or artifice to defraud a health care benefit program in connection with the delivery of, or payment for, health care benefits, items, or services," and; 2) that he did so "with the intent to defraud." (Pl.'s Mot., Ex. 1 at 1-2.) Furthermore, Defendant agreed that the "relevant conduct" in this case included "all defendant's activities, and all resulting fraud loss amounts associated with the submission to Medicare of four MRPM cost reports from the fiscal years ending 1995 through 1998, which resulted in MRPM improperly receiving $799,462 in cash reimbursements from Medicare." (Pl.'s Mot., Ex. 1 at 4.)

There is no question that Defendant violated the FCA by filing a false report in fiscal year 1998, and that Defendant is estopped from denying liability for this report.

Given the totality of the circumstances in this case, collateral estoppel should also apply to the false reports filed during fiscal years 1995, 1996, and 1997. Therefore, Defendant is estopped from denying liability for filing false reports during all four fiscal years.

### B. Fines and Penalties Under the FCA

The FCA provides that individuals who violate its provisions are "liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. §3729. As such, Defendant is liable for three times the amount of restitution ordered by this court, for a total of $2,398,386. Furthermore, Defendant shall be liable for a penalty of $5,000 for each false claim filed.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for partial summary judgment is GRANTED.

                                s/Nancy G. Edmunds  
                                Nancy G. Edmunds  
                                United States District Judge

Dated: July 21, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 21, 2008, by electronic and/or ordinary mail.

                                s/Carol A. Hemeyer  
                                Case Manager